In the Matter of the PORT OF NEW YORK AUTHORITY, Relative to Acquiring Title to Certain Lands in the Borough of Manhattan for Port Authority Union Motor Bus Terminal.

Supreme Court, Special Term, New York County, July 28, 1948.

*Leander I. Shelley* and *Nathaniel Fensterstock* for Port of New York Authority.

Certain respondents *pro se.*

EDER, J.   The moving papers establish that the applicant, the Port of New York Authority, is entitled to an order to put it into possession of the premises mentioned in the application.   Such possession appears to be necessary to enable the Port Authority to complete demolition and clearance of the terminal site and construction of the Port Authority Union Motor Bus Terminal.

Title to the property vested in the Port Authority more than nine months ago. It is alleged and not disputed that failure to obtain possession of the premises pursuant to notices of termination of tenancies as of February 29, 1948, has already delayed and hindered the construction of this much needed improvement for the relief of traffic congestion in the borough of Manhattan.

The respondents have occupied and still occupy their respective premises for residential use, and while the court will, of course, co-operate with the Port Authority to enable it to proceed with due dispatch, it is not insensible to the existing condition of severe shortage of housing accommodations, and the disposition of this application must take that basic fact into consideration. It appears, also, that the Port Authority has given this factor due consideration, for which it is to be commended. The problem is to evolve a solution which will give reasonable relief to both the Port Authority and the respondents.

It appears, without dispute, that all occupants of the bus site have known for more than a year that they would have to relocate and have had actual notice to move for about eight months; that each of the tenants or occupants was served either in September or October, 1947, with notice that the tenancy at will under which each said tenant occupied his portion of said premises, subsequent to August 14, 1947, was terminated on February 29, 1948, and that said notice notified all of said tenants that the title to the property had been acquired by the Port Authority on August 14, 1947 — more than nine months ago — and that pursuant to statute, each tenant and occupant remaining in possession had become tenants at will of the Port Authority; that the notice further informed each tenant that the Port Authority would require possession of the real property as soon as possible and after specifying February 29, 1948, as the date of termination of the tenancy at will, notified each tenant that appropriate proceedings would be taken by the Port Authority to recover possession of the premises; that each tenant was notified that the property had been acquired for the public purpose of constructing the Union Motor Bus Terminal and was informed of the importance to the public of immediate construction of this public improvement.

Each of said tenants and occupants has nevertheless remained in possession and has failed to vacate said premises. The Port Authority seeks in good faith to obtain possession of the premises.

By chapter 534 of the Laws of New York for 1948 and chapter 97 of the Laws of New Jersey for 1948, the Port Authority is authorized to rehouse persons residing or dwelling in the bus terminal site and to acquire, establish, construct, rehabilitate, operate and maintain rehousing accommodations for such persons.

The moving papers disclose that arrangements have already been made to acquire and rehabilitate five apartment houses and that these substitute quarters, comprising about one hundred apartments will be available for possession beginning on or about October 1, 1948. It is further stated that it is not contemplated that any occupant who co-operates shall be deprived of his present quarters until other living accommodations are available.

It is apparent that the issuance of the order sought is essential in facilitating the relocation program and steps to be taken by the tenants themselves and the Port Authority.

While the order for possession will be granted, it will be conditioned upon a stay of limited duration, to enable the tenants to obtain other living quarters, and upon payment by the tenants and occupants for use and occupation.

The motion is granted; enforcement of the order to be entered hereon will be stayed until October 1, 1948, but the stay will be extended if any occupant can show to the satisfaction of the court that he has been unable, after diligent effort, to secure comparable accommodations at approximately similar rentals, with leave to the Port Authority to apply for a vacatur of the stay as to each respective occupant upon proof that such accommodations are available to such occupant and that the latter has refused to accept the same.

In the absence of proof of the reasonable charge for use and occupancy of the portion of the premises occupied by each respondent the court deems the fair and reasonable charge to be the sum heretofore paid by each occupant, which is to be paid to the Port Authority.

Submit order in accordance with the foregoing and providing for service thereof, with notice of entry, by mail, upon all present occupants, within five days after entry thereof.