In the Matter of the City of New York, Acting for and on Behalf of the New York City 'Housing Authority, Relative to Acquiring Title to Real Property within the Area Bounded by Nagle Avenue and Other Streets, in the Borough of Manhattan, Selected as a Site for the Dyckman Houses.

Supreme Court, Special Term, New York County, October 7, 1948.

*John P. McGrath, Corporation Counsel (Gerald J. Carey and. Saul L. Cohen* of counsel), for New York City Housing Authority.

*I. T. Flatto* for Hamilton Amusement Co., Inc., and others, tenants.

*Herman Meltzer* for Speedway Restaurant, Inc., tenant.

*G. Bergen* and *L. Lester* for Robinson Plastics Corp., tenant.

*Harris Jones,* tenant in person.

Eder, J. This is an application by the City of New York, acting for and on behalf of the New York City Housing Authority, for an order in the nature of a writ of assistance, requiring the sheriff to put the City of New York into possession of the premises acquired by it in this proceeding.

The order of this court granting the application to condemn was entered July 29, 1948, and notice was given to the occupants, business and commercial tenants, that the premises had been acquired by the city on behalf of the New York City Housing Authority as a site for the development of a project called the Dyckman Houses, a city-aided low-rent project.

The occupants who have appeared herein stress the need for adequate time to seek and to move to other space, and as counsel for the applicant and the attorneys for the respondents are unable to agree on a time limitation the court must fix the same.

The court is not insensible to the fact that there is a shortage of business and commercial space and that difficulty is being encountered by the occupants in obtaining quarters adequate to their needs, and that even if suitable space is found, removal and installation of equipment and fixtures will require some time. Yet perforce these factors the court may not and should not unreasonably arrest the prosecution of this development, which, when completed, will result in the creation of hundreds of apartments for residential use and to that extent relieve the existing critical shortage of dwelling space.

The public interest and the public benefits to be gained from this development must be given due weight albeit the position of the occupants is entitled to due consideration, also. The matter then becomes one of practical solution to the end that the city and these tenants may suffer as little inconvenience as possible and the embarrassment of all parties reduced to a minimum (*Matter of Port of N. Y. Authority* [*Bus Terminal*], 192 Misc. 787).

Balancing the vast housing shortage and the great need for the prosecution of this development against the commercial inconvenience of these tenants, and, after consideration of all the circumstances, the court is of the opinion that the motion should be granted but enforcement of the order to be entered hereon will be stayed to and including December 15, 1948.

Settle order.